UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BREANNE BOUQUET | * | CIVIL ACTION NO. |
| Plaintiff, | * | |
| VERSUS | * | JUDGE |
| ORTHONET, LLC, UNITED HEALTHCARE OF LOUISIANA, INC., and LOUISIANA SHERIFFS' ASSOCIATION, INC. | * | MAG. JUDGE |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, OrthoNet, LLC ("OrthoNet") and UnitedHealthcare Insurance Company[1] ("United") (collectively, "Defendants"), with a full reservation of rights, hereby remove the above-titled matter, *Breanne Bouquet v. OrthoNet, LLC, United Healthcare of Louisiana, Inc, and Louisiana Sheriffs' Association, Inc.*, from the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, where it is currently pending (as Case No. 00001044036, Division B), to the United States District Court for the Middle District of Louisiana, on the following grounds:

### Introduction

1.

This action was commenced in the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, Case No. 00001044036, Division B ("State Court Action"), by virtue of a *Petition for Damges* ("Petition") filed by the Plaintiff, Breanne Bouquet ("Plaintiff"),

---

[1] UnitedHealthcare Insurance Company is improperly identified as "United Healthcare of Louisiana, Inc."

1

on November 2, 2017, against OrthoNet, United, and the Louisiana Sheriffs' Association, Inc. (the "Sheriffs' Association" or "Association").

**2.**

OrthoNet was served with a copy of the Citation and Petition via certified mail on November 9, 2017. Thereafter, on or about November 16, 2017, United received attempted service of the Petition through its alleged agent, CT Corporation System. Thus, this Notice is timely filed, as it is filed no more than thirty (30) days after the first Defendant was served with the Petition, in accordance with 28 U.S.C. §§ 1441 and 1446.

**3.**

Venue is proper in this Court, as any civil action for which a district court has original jurisdiction may be removed by the defendant to the District Court for the District and Division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a).

**4.**

In accordance with 28 U.S.C. §§ 1446(b)(2)(A) and (C), the Sheriffs' Association consents to removal of this action to this Court. *See* Notice of Consent to Removal, attached hereto as **Exhibit "1."**

**5.**

Pursuant to 28 U.S.C. § 1446(a), a certified copy of all process and pleadings from the Eighteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana are attached hereto as **Exhibit "2."**

## Consent Of The Fund Is Not Needed For Removal

**6.**

As a general rule, claims filed in state court against multiple defendants cannot be removed to federal court unless all defendants consent to the removal. However, removing defendants need not obtain consent from defendants who have not been served at the time of removal. *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *Wirenix, Inc. v. Ericsson, Inc.*, 2007 WL 506914 (N.D.Tex. 2007); *see also* 29 U.S.C. § 1448 (providing for service of process on unserved defendants after removal).

**7.**

Moreover, removing defendants need not obtain consent from nominal or unnecessary defendants, nor is a removing defendant required to procure the consent of improperly joined defendants. *See Farias v. Bexar County Bd. of Tr. for Mental Health Mental Retardation Serv.*, 925 F.2d 866, 871 (5th Cir. 1991); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As the Fifth Circuit has explained:

> [A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.

**8.**

While Plaintiff's Petition appears to name the "Louisiana Sheriffs' Pension & Relief Fund, a subunit of the Louisiana Sheriffs' Association, Inc." (the "Fund") as an additional defendant in this matter, *see* Petition, ¶ I(d), Plaintiff did not request service of process on the

3

Fund in her Petition, and as of the filing of this Notice, upon information and belief, the Fund has not been properly served with the Petition.

**9.**

In addition, as further discussed below, both the Sheriffs' Association and the Fund were improperly and/or fraudulently joined as defendants to this action. Accordingly, OrthoNet and United were not required to procure the Fund's consent prior to filing this Notice.

**Federal Question Jurisdiction Exists**

**10.**

Plaintiff's claims, as alleged in the Petition, relate to an employer-sponsored benefit plan and are therefore subject to federal law pursuant to the Employee Retirement Income Security Act ("ERISA"), as contained at 29 U.S.C. §1132(a).

**11.**

In her Petition, Plaintiff alleges that she is a "participant" under a "group healthcare policy, Number 0704543" that "was created for her spouse's employer, West Baton Rouge Sheriff's Office," and issued by United. *See* Petition, ¶¶ III, V. Plaintiff further alleges that OrthoNet, on behalf of United, wrongfully denied coverage under the policy for a spinal cord stimulator, "despite receipt of overwhelming proof [that] the stimulator would benefit [P]laintiff greatly." *See* Petition, ¶ XIII. Plaintiff contends that United's "failure to pay [Plaintiff's] claims" under the policy was "arbitrary and capricious, without good cause, and made in bad faith," and that the "denial of the spinal cord stimulator has caused Plaintiff emotional distress, anxiety, and forces her to live with horrific pain and [to] rely on opioid medication to help with her pain." *See* Petition, ¶¶ XIV, XV.

**12.**

As the foregoing allegations make clear, the crux of Plaintiff's Petition is that she seeks payment of benefits under a "group healthcare policy" issued by United.

**13.**

The referenced "group healthcare policy" is an employer-sponsored benefit plan that was established pursuant to ERISA (the "Plan"). Benefits are provided under the Plan to employees of the West Baton Rouge Sheriff's Office and their eligible dependents pursuant to a group insurance contract entered into by and between the West Baton Rouge Sheriff's Office and UnitedHealthcare Insurance Company. The West Baton Rouge Parish Sheriff's Office is the Plan Sponsor. Thus, the above-described action is a suit brought by a participant of an ERISA-governed benefit plan for which this Court has original subject-matter jurisdiction without regard to the amount in controversy or diversity of citizenship, and may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**14.**

This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a), as a "civil action arising under the Constitution, laws, or treaties of the United States," in that the captioned matter involves the recovery of benefits, as well as interpretation and clarification of rights, under an employer-sponsored benefit plan established pursuant to ERISA, which preempts Plaintiff's state law claims and provides the exclusive federal remedy for resolution of claims requiring interpretation of plan documents.

**15.**

As the U.S. Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the

"exclusive" remedies available for the allegedly erroneous denial, nonpayment, or underpayment of benefits available under an ERISA-governed health benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

**16.**

Further, a state law cause of action that is preempted by ERISA and comes within the scope of § 502(a) is removable to federal court under 28 U.S.C. § 1441, as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the petition. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995) ("Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the 'well-pleaded complaint' rule.").

**17.**

Moreover, to the extent Plaintiff is asserting any purported state law claims, such state law claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a); *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 452–53 (5th Cir. 2007) ("Because we conclude that the disability policy covering House was part of an ERISA plan, House's state law claims for penalties and attorneys' fees are preempted."); *Ferguson v. Dynamic Indus., Inc.*, 2011 WL 1113545 (W.D. La. 2011) ("It is clear that ERISA preempts a state law cause of action brought by an ERISA Plan

participant or beneficiary alleging improper processing of a claim for Plan benefits.") (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990)).

### **Diversity Jurisdiction Exists**

**18.**

In the alternative, removal is also proper under 28 U.S.C. § 1332, which provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states […]."

**19.**

As set forth below, this Court has original subject matter jurisdiction over this action on the basis of diversity jurisdiction because the properly-joined parties are diverse, and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees and costs. *See* 28 U.S.C. § 1332(a)(1).

### *Complete Diversity Exists As To All Properly Joined Parties*

**20.**

Upon information and belief, Plaintiff is domiciled in Louisiana, and retains a domicile in that state as of the date on which this Notice of Removal is filed. Therefore, Plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

**21.**

Defendant OrthoNet, LLC is alleged to be a foreign corporation with its principal place of business in White Plains, New York. *See* Petition, ¶ I(a).

22.

Defendant UnitedHealthcare Insurance Company, improperly identified as United Healthcare of Louisiana, Inc.,[2] is a Connecticut corporation with its principal place of business in Connecticut. *See* Declaration of Mable S. Fairley, attached hereto as **Exhibit "3."** Therefore, for purposes of diversity jurisdiction, United is a citizen of Connecticut. *See* 28 U.S.C. § 1332(c)(1).

23.

Plaintiff is not a citizen of any state of which OrthoNet is also a citizen. Thus, complete diversity of citizenship exists between all properly joined parties. *See* 28 U.S.C. § 1332(a)(1).

### *The Association And The Fund Are Improperly Joined As Defendants*

24.

Defendant Louisiana Sheriffs' Association, Inc. is alleged to be a non-profit corporation in East Baton Rouge Parish, Louisiana. *See* Petition, ¶ I(c).

25.

Defendant Louisiana Sheriffs' Pension & Relief Fund is alleged to be a "subunit of the Louisiana Sheriffs' Association, Inc." *See* Petition, ¶(d).

26.

Accordingly, based on Plaintiff's allegations, the Association and the Fund are Louisiana citizens for purposes of diversity jurisdiction. However, the presence of the Association and the Fund in this suit does not defeat diversity jurisdiction because those parties were improperly joined.

---

[2] The named Defendant in this action, United Healthcare of Louisiana, Inc., is not the entity that issued or administered claims for benefits for the Plan at issue.

27.

Under well-established Fifth Circuit jurisprudence, a defendant is fraudulently joined where, as here, there is no reasonable probability that the plaintiff would be able to establish a cause of action against said defendant under state law. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). A hypothetical possibility of recovery against a non-diverse defendant in state court is not sufficient. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

28.

Based on the allegations of Plaintiff's Petition, there is no reasonable possibility that Plaintiff would be able to establish a cause of action against the Association or the Fund. Where the Petition references a "group healthcare policy, Number 0704543 […] insuring the employees of West Baton Rouge Sheriff's Office" and their eligible dependents, but makes absolutely no allegations with respect to the Louisiana Sheriffs' Association or the Louisiana Sheriffs' Pension & Relief Fund, and whereas the Association was not an Enrolling Group or Plan Sponsor with respect to the Plan in question; Plaintiff may not recover benefits from, and has no cause of action against, the Association or the Fund with respect to that Plan.

***Amount In Controversy***

29.

Plaintiff's Petition alleges that Defendant's denial of coverage and "failure to pay [Plaintiff's] claims" with respect to the spinal cord stimulator was "arbitrary and capricious, without good cause, and made in bad faith." *See* Petition, XIII, XIV. Plaintiff's Petition also alleges that Defendant's actions have caused Plaintiff to suffer "emotional distress" and

"anxiety," and have "required Plaintiff to hire an attorney to represent her in this matter to reverse the denial of the spinal cord stimulator." *See* Petition, XV, XVI.

### 30.

Based on the foregoing allegations, Plaintiff appears to be asserting a claim for benefits, penalties, and attorney's fees under La. R.S. § 22:1821. Plaintiff also appears to be seeking damages for emotional distress as a result of Defendant's alleged actions.

### 31.

It is well-settled that "[i]f a state statute provides for attorney's fees, such fees are included as part of the amount in controversy" for purposes of diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990); 14A C. Wright & A. Miller, Federal Practice & Procedure § 3712, at 176 (2d ed. 1985)).

### 32.

Upon information and belief, the amount of benefits sought by Plaintiff pursuant to the Plan, when combined with the amount of penalties, emotional distress damages, and attorney's fees sought by Plaintiff, exceed the jurisdictional amount in controversy requirement of $75,000.

### **Removal Is Proper**

### 33.

Removal to this Court is therefore appropriate pursuant to applicable law, including 28 U.S.C. §§ 1441(a) and (b).

### 34.

Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders served on Defendants in the State Court Action to date are attached hereto as included in **Exhibit "2."**

**35.**

Upon the filing of this Notice, Defendants have at the same time provided notice to Plaintiff pursuant to 28 U.S.C §1446(d) by furnishing a copy of this Notice and all attachments to Plaintiff, through her counsel of record as identified in the Petition, and will simultaneously provide notice to the Clerk of Court for the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana, through the filing of this Notice and the State Court Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit "4,"** into the record of the State Court Action.

**36.**

The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Louisiana, and, for the reasons set forth above, Plaintiff's claims and causes of action are believed to be removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendants, OrthoNet, LLC and UnitedHealthcare Insurance Company, pray that this action be removed to the United States District Court for the Middle District of Louisiana for further proceedings and disposition, and that Defendants be granted all such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: /s/ Errol J. King
ERROL J. KING (La. Bar No. 17649)
KATHERINE L. CICARDO (La. Bar. No. 35081)
Chase North Tower
450 Laurel Street, 20th floor
Baton Rouge, LA 70801
Telephone: (225) 381.7000

Facsimile: (225) 342.7027
eking@bakerdonelson.com
kcicardo@bakerdonelson.com

*ATTORNEYS FOR DEFENDANTS, ORTHONET, LLC & UNITEDHEALTHCARE INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court on this 11th day of December, 2017. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt and/or via U.S. Mail, postage prepaid and properly addressed.

*/s/Errol J. King*
Errol J. King